# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SLAVOSKI,

    Plaintiff,

FRANK PAWLOWSKI et al.,

    Defendants,

CIVIL ACTION NO. 3:10-CV-2139

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Motion to Dismiss brought on behalf of Defendants Pawlowski, Rivera, Rice, Rodriguez, Hacken, Devlin, Oliphant, and (Pedro) Rivera. (Doc. 6.) For the reasons stated below, the Motion will be granted.

## BACKGROUND

The facts alleged in the Complaint are as follows.

Plaintiff currently is a United States Secret Service ("USSS") Agent working primarily in northeastern Pennsylvania. Defendant Frank Pawlowski is the Commissioner of the Pennsylvania State Police ("PSP"). Defendants Mervin Rodriguez, John Rice, Francis Hacken, Bryon Devlin, Huascar Rivera, and Pedro Rivera were and are all PSP employees. Willard Oliphant was a PSP employee at the time but is now retired.

In July 2007, Plaintiff was asked by his friend, Daniel Griffin, a detective on the Kingston Police Department, to check on a license plate number of a car that had been following the Mr. Griffin. Plaintiff agreed to help his friend because he believed his friend might be in danger, and the local authorities were unwilling to help him. Plaintiff used the National Crime Information Center ("NCIC") data banks to obtain the registration information of the vehicle in question. It came back as registered to Defendant Oliphant and his son

Will. Plaintiff conveyed this information to Mr. Griffin. Approximately two months later, Defendant Devlin came to the USSS Resident Office in Scranton, Pennsylvania as a Commonwealth Law Enforcement Assistance Network ("CLEAN") auditor. Defendant Devlin stated that he wanted to conduct an audit of the NCIC terminal because he had records indicating that a license plate had been searched by Plaintiff from the terminal. Defendant Devlin told Plaintiff that he was told by an individual that his license plate might be "run," and that this prompted the investigation. Plaintiff did not talk to Defendant Devlin again. Defendant Devlin persisted in attempting to gain unauthorized acccess to the NCIC terminal. On or around September 11, 2008, Plaintiff was accused by Defendant Rodriguez of misusing "CLEAN" and improperly disseminating the information to Plaintiff's friend, Daniel Griffin. Plaintiff was then informed by Defendant Rodriguez that he was being put on a year's probation for his infractions. On March 31, 2009, Plaintiff filed a complaint with the PSP against Defendants Huascar Rivera, Oliphant, and Devlin for violating his rights. Plaintiff tried in vain for months to get answers from the PSP as to why he was investigated and put on probation. On January 15, 2009, Defendant Pedro Rivera denied Plaintiff's appeal of his probationary status. Then, on April 29, 2009, Plaintiff filed a second complaint with the PSP, claiming retaliation for his previous filing. Around June 15, 2009, Commissioner Pawlowski called the PSP Barracks in northeastern Pennsylvania to seek information on Plaintiff, thereby giving tacit endorsement to the investigations and harassment of Plaintiff. In or around October 2009, Defendant Hacken of the PSP ordered an investigation on Plaintiff because of Plaintiff's allegedly calling a PSP trooper a "liar."

Plaintiff filed the instant suit on October 15, 2010. (Doc. 1.) Plaintiff's Complaint contains a First Amendment retaliation claim (Count I), a Fourth Amendment claim (Count

II), and a Fourteenth Amendment claim (Count III), all brought under 42 U.S.C. § 1983. Defendants' then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 11, 2011. (Doc. 6.) The Motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the

3

complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.     Plaintiffs' First Amendment Retaliation Claim (Count I)

Count I of Plaintiff's Complaint will be dismissed.

The First Amendment "protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1957 (U.S. 2006). To state a prima facie claim of retaliation, a public employee must

4

allege that: (1) the activity in question is protected by the First Amendment, (2) the defendants' acts were retaliatory, and (3) the protected activity was a "substantial motivating factor" of the alleged retaliation. *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir.2006) (internal citation omitted). A public employee's statement is a protected activity if: (1) the employee spoke as a citizen about a matter of public concern, and (2) the government employer did not have "an adequate justification for treating the employee differently from any other member of the 'general public' as a result of the statement he made." *Hill*, 455 F. 3d at 241. To qualify as retaliatory, an employer's conduct must adversely affect an employee's First Amendment rights. *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir.2003). Retaliatory acts must be "more than *de minimis* or trivial" to have an adverse effect on an employee's First Amendment rights. *Brennan*, 350 F. 3d at 419. Specifically, "criticism, false accusations, [and] verbal reprimands" have been found not to constitute retaliatory action. *Id*.

Here, accepting that the protected First Amendment activity the Plaintiff engaged in was the filing of the complaints against the PSP, the Court does not believe that the alleged retaliatory actions on the part of the PSP are actionable. Plaintiff claims that he has been "investigated" by PSP employees, but these investigations have not led to the filing of any charges, criminal or otherwise, nor have they led to any adverse employment action. Plainitiff was put on probation for his use of the database for private matters, but that probation *preceded* his filing of the complaints against the PSP, and therefore could not be retaliation for the filing of those complaints. Likewise, the vague allegations of "harassment" do not make out a claim for retaliation. As a result, this Count of Plaintiff's Complaint will be dismissed.

5

## II. Plaintiff's Fourth Amendment Claim (Count II)

Plaintiff's Fourth Amendment Claim will also be dismissed.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The "capacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *See Minnesota v. Olson*, 495 U.S. 91, 95 (1990) (internal citation omitted). An expectation of privacy is deemed legitimate if the person challenging the search can show that he or she has "both a subjective expectation of privacy and that the expectation is objectively reasonable, that is, one that society is willing to accept." *Warner v. McCunney*, 259 Fed.Appx. 476, 477 (3d Cir.2008) (citing *Olson*, 495 U.S. at 96-97). The United States Supreme Court has "explicitly rejected the contention that public employees can never have a reasonable expectation of privacy in their workplace." *Phila. Fed'n of Teachers v. Sch. Dist. of Phila.*, No. 97-4168, 1998 WL 196403, at *6 (E.D.Pa. Apr.23, 1998) (citing *O'Connor v. Ortega*, 480 U.S. 709, 717 (1987)). However, a public employee's privacy interest in his or her place of work is far less than that "found at home or in some other contexts." *Ortega*, 480 U.S. at 725. This is because public workplaces "are provided to employees for the sole purpose of facilitating the work of an agency," and the employee may easily protect his or her privacy interests by leaving personal belongings at home. *Id.* Whether a particular public employee possesses a reasonable expectation of privacy in his or her workplace must be assessed on a

6

"case-by-case basis" and "in the context of the employment relation." *Brambrinck v. City of Phila.*, No. 94-1673, 1994 WL 649342, at *8 (E.D.Pa. Nov.15, 1994) (citing *Ortega*, 480 U.S. at 717-18). A public employee's reasonable expectation of privacy may be reduced or eliminated by "legitimate regulations" or by "office practices and procedures," such as how frequently coworkers and other individuals are permitted to enter the area that was searched. *Brambrinck*, 1994 WL 649342, at *8 (citing *Ortega*, 480 U.S. at 717).

Here, Plaintiff claims that Defendants accessed the database Plaintiff employed to run the license plate for the purpose of ascertaining Plaintiff's home address and personal information. Assuming that the Defendants accessing this material through the database was a "search" for purposes of the Fourth Amendment, even if the Plaintiff had a subjective expectation of privacy that the information he searched on a database on a computer terminal at work couldn't be traced, such an expectation was objectively unreasonable. At this point in time, it is a matter of common knowledge that one's privacy rights with respect to their office computers are limited. In addition, Plaintiff was not using his private office computer, but a NCIC terminal which is exclusively used for law-enforcement related functions.

### III.    Plaintiff's Fourteenth Amendment Claim (Count III)

Finally, Plaintiff's "class-of-one" Fourteenth Amendment Claim will also be dismissed.

Recently, Judge Rambo of this court held:

Two theories exist upon which a plaintiff may assert an equal protection claim. The traditional theory protects a plaintiff from discriminatory treatment based on membership in a protected class such as gender or race. In contrast, under the class-of-one theory, a plaintiff may have an equal protection claim even absent protected-class status if he or she alleges irrational and intentional differential treatment when compared with similarly situated individuals.

7

*Hookey v. Dalton*, 1:08-cv-02284, 2010 WL 4237310, *4-5 (M.D. Pa. Oct. 21, 2010) (internal citation omitted).

In order to state a "class-of-one" claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill,* 455 F.3d at 239 However, the United States Supreme Court has held:

> [t]here are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.

*Engquist v. Oregon Dept. Of Agric.*, 553 U.S. 591, 603 (2008).

Here, the Plaintiff has not alleged any facts that he was treated differently than similarly situated individuals, i.e. that other employees with access to the databases in question utilized them for personal purposes and were not disciplined and\or put on probation. Even if he had been treated differently, such treatment would be solely within the discretion of the PSP as to how they dealt with infractions in the use of the databases. As a result, this Count will also be dismissed.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 6) will be granted. An appropriate order follows.


 3/16/11                                          /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                                  United States District Judge