**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM SLAVOSKI,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2139

(JUDGE CAPUTO)

FRANK PAWLOWSKI et al.,

    Defendants.

## MEMORANDUM

Presently before the Court is plaintiff's motion for reconsideration. (Doc. 15.) For the reasons discussed below, the motion will be denied.

## BACKGROUND

Plaintiff Slavoski filed his complaint on October 15, 2010 (Doc. 1) alleging First Amendment retaliation (count I) and violations of his Fourth and Fourteenth Amendment rights (counts II and III), all under 42 U.S.C. § 1983. Plaintiff, a United States Secret Service Officer, alleged that he had been unlawfully targeted by the Pennsylvania State Police ("PSP") after they accused him of using a law enforcement computer database for unauthorized reasons. Plaintiff admits to having used the database to look up a car registration after he was contacted by Daniel Griffin, a police officer in the city of the Kingston, Pennsylvania, about Mr. Griffin's concern over possibly being followed. Plaintiff's use of the database was investigated by the PSP, who claimed he used the database improperly and suspended his use of it for one year. Plaintiff then made formal complaints to the PSP regarding his suspension but the suspension remained in place.

After plaintiff's complaint was filed, defendants filed a motion to dismiss (Doc. 6) which the Court granted on March 16, 2011. Plaintiff then filed a motion for

reconsideration on April 7, 2011. (Doc. 15.) The motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

The Court will not grant plaintiff's motion for reconsideration because plaintiff has not met the high standard for reconsideration. Plaintiff makes essentially four arguments, all on the "clear error of law or fact" basis: (1) the Court's Fourth Amendment analysis was incorrect; (2) the Court's First Amendment retaliation analysis was incorrect; (3) the Court states that plaintiff used the database in order to help Mr. Griffin, who was a personal friend, whereas the complaint does not allege a personal relationship between them; and (4) the Court ignores that some of the retaliatory incidents took place *after* plaintiff filed his complaints against the PSP. The Court will discuss each point in turn.

First, the Court has already found that plaintiff did not have a reasonable expectation of privacy in a work computer. Therefore, defendants accessing of the computer database in order to find plaintiff's address was not an unlawful search under the Fourth Amendment. Plaintiff's brief in this motion simply reiterates the arguments he initially raised in his brief opposing the motion to dismiss.

Second, the Court agrees with plaintiff that it should have applied the general First Amendment retaliation test, *see, e.g., Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004), rather than the test for First Amendment retaliation against a public employee test found in *Garcetti v. Ceballos*, 126 S.Ct. 1951 (U.S. 2006). However, using the former test in no way impacted the Court's finding that plaintiff failed to allege any retaliatory action, the common requirement of both tests. Plaintiff was put on probation for his allegedly unauthorized use of the database *before* he made the complaints against the PSP, not *after* he made them, as would be necessary to support a retaliation claim.

Plaintiff does make some vague allegations in the complaint of being further investigated by the PSP, but, as the Court stated in its prior memorandum opinion, these allegations fail to state a claim for retaliation.

Third, while plaintiff is correct that the complaint does not allege a personal relationship between plaintiff and Mr. Griffin nor that plaintiff had personal reasons for using the database, the Court's consideration of these matters did not in any way affect the substantive analysis contained in the memorandum opinion.

Fourth, plaintiff's vague references to being "investigated" or "harassed" are simply too ill-defined to state a claim for First Amendment retaliation. Plaintiff also makes a brief reference, *en passant*, to the merits of his Fourteenth Amendment "class-of-one" claim at the end of his brief. However, as the Court noted in its prior memorandum opinion, even if plaintiff had established that he had been treated differently from others similarly situated, which he did not, treatment of violations surrounding the use of the database is strictly within the discretion of the PSP. *See Engquist v. Oregon Dept. Of Agric.*, 553 U.S. 591, 603 (2008).

## **CONCLUSION**

For the reasons stated above, the Court will deny the plaintiff's motion for reconsideration. (Doc. 15.) An appropriate order follows.


5/23/11                                                                                      /s/ A. Richard Caputo
Date                                                                                              A. Richard Caputo
                                                                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM SLAVOSKI,  Plaintiff, | CIVIL ACTION NO. 3:10-CV-2139  (JUDGE CAPUTO) |
| FRANK PAWLOWSKI et al.,  Defendants. | |

## ORDER

**NOW**, this   23rd   day of May, 2011, **IT IS HEREBY ORDERED THAT** plaintiff's motion for reconsideration (Doc. 15) is **DENIED**. The Clerk of Courts is directed to mark the case as **CLOSED**.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge